#24993-a-JKK

**2009 SD 28**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

A.M. Farms, Dan Miller; Gabriel Aberle; Tom Aljoe; Richard
Becking; Todd Becking; William Becking; Bergh Farms; Larry
Bergh; Phil Bergh; John Blais and Nancy Blais; Tim Boerger;
Larry Borkhuis; Don Brandriet; Roger Brandriet; Doug
Brandriet; Merlin Bunde; Stan Busskohl; Carpenter Farms;
Richard Carpenter; Robbie Carpenter; Chuck Clausen; Brian
Comes; Jim Comes; William A. Comes; Tom Dagel; David
DeBerg; DeBerg Farms, Inc.; Richard DeBerg; Justin DeBerg;
John P. Devine; Lorraine Devine; Alan Elshere; Anton Feyereisen;
Michael C. Fischer; Fox's Angus Farms; Mark Fox; GTV Land &
Cattle Co.; Jerry Grotewold; Wayne Gronseth; Larry Halse;
Hansen & Carpenter; Richard Carpenter; T. Lee Hansen;
Hanten Bros.; Leroy Hanten; Lenus Hanten; Leon Hanten;
Hanten's Dairy, Inc.; Todd Hanten; John H. Hanten; Michael
Henrichs; Dwayne Hlavacek; Mark Haverstadt; Elmer Hupf;
Bryan L. Jalbert; Lynn A. Johnson; Lynn E. Johnson; Anthony
Kahnke; Chad Kahnke; Daniel J. Kahnke; James T. Kahnke;

* * * *

APPEAL FROM THE CIRCUIT COURT
OF THE THIRD JUDICIAL CIRCUIT
CODINGTON COUNTY, SOUTH DAKOTA

* * * *

HONORABLE RONALD K. ROEHR
Judge

* * * *

CONSIDERED ON BRIEFS
ON MARCH 23, 2009

OPINION FILED **04/22/09**

Larry Kahnke, Terry Kahnke; Korth Farms; Kelvin Korth; Kim Korth; Joel Koustrup; Nick & Matt Kranz, Inc.; Matthew S. Kranz; Bob Lenards; Jeff Lenards; Don LeVake; Mike LeVake; David Lindner; Cheryl H. Lindner; William E. Lindner; Clayton Maag; Donald L. Maag; Gary L. Maag; Harlan Maag; Leon Maag; Lowell Maag; Lynford Maag; Michael Maag; Steven Maag; Mack Brothers; Nicholas Mack; Virgil Mack; Lee Mack; Anton Mack; Donald Mack; Emil Mack; Mack Farms; Leon P. Mack; Marc R. Mack; Bruce W. Mack; Melvin Mack; Michael J. Mack; Ramona Mack; Donald L. McClung; Meseberg Bros. Dairy; Larry Meseberg; Darwin Meseberg; Daniel Meseberg; L. Mae Meseberg; MoDak Dairy, Inc.; Greg Moes; Roger Mohr; Craig J. Monnens; Clyde Morrison; Ryan Moyer; Charles A. Noeldner; Donald Nogelmeier; Jason Orthaus; Wayne Peterson; Todd Pieper; William Pieper; Popham Bros.; Duane Popham; Darrell Popham; RBM Livestock LLC; Mike Bergh; Ryan Bergh; Jerome E. Radtke; Kenneth Raml; Tom Raml; Vincent Raml; Ries Bros. LLC; Dale Ries; Doug Rislov; Robbins Bros., Inc.; Mike Robbins; Jim Robbins; William Roe; S&W Farms; Greg Wall; David Strang; Jeff Schaack; Schleusner Dairy; Louie Schleusner; Eugene Schleusner; Dennis Schmeling; Randall D. Schmeling; LaVerne Schmig; Rick Schmig; Charles Schurman; Mark Simon; Merrill Simon; Sioux River Dairy, Inc.; Jim Czech; South View Dairy, Inc.; Tom Tesch; Dale Tesch; Leon Spartz; Louis L. Stein Trust, Steve Horning; Ordean R. Stern; Brian T. Stoltenburg; Rolla Stoltenburg; Larry Stricherz; Greg Wall; Richard T. Sturm; Tina Sturm; Marlyn O. Taecker; Dale Tesch; Ferdinand R. Tesch Estate, Carol R. Tesch, PR; LeRoy Tesch; Phillip Tesch; Tony Tesch; David Thyen; Dennis Thyen; Thyen Farms; Jim Thyen; Frank Tschakert; Lyle Tschakert; Valley View Farms, Inc.; Tom Reichling; Dion Van Well; Gerald Van Well; Vic Van Well; Neil Vietzke; Jason Wagner; Larry Wasland d/b/a Grazing Acres Dairy; Weber Brothers; Richard M. Weber; Steven H. Weber; Roger Weber; Jeffrey Wensing; Willow Creek Dairy, Inc.; Robert Endres; Doug Wishard; Virgil Wishard; Michael J. Zaug; Dale Zemlicka; Daron Zemlicka; Dewey Zemlicka; Dwight Zemlicka; Lonnie Zemlicka; Rodney Zemlicka; James C. Zerfas; and Jackie Zubke,                    Plaintiffs and Appellants,

v.

County of Codington, a subdivision of
the State of South Dakota,                    Defendant and Appellee.

* * * *

RAYMOND D. RYLANCE of
Wiles & Rylance
Watertown, South Dakota

Attorneys for plaintiffs
and appellants.

JACK H. HIEB of
Richardson, Wyly, Wise
  Sauck & Hieb, LLP
Aberdeen, South Dakota

Attorneys for defendant
and appellee.

KONENKAMP, Justice

[¶1.]     Plaintiff livestock producers brought suit against Codington County asserting that the county breached its duty to properly follow disaster declaration procedures set forth by the South Dakota Division of Emergency Management. Codington County moved for summary judgment on the ground that its decisions were discretionary. The circuit court agreed and granted the county summary judgment. We affirm because under the facts of this case the County Board of Commissioners owed no legal duty to the plaintiffs.

## Background

[¶2.]     Codington County suffered drought conditions in 2001 and 2002, causing reduced livestock feed supplies and grazing availability. On May 30, 2002, the State of South Dakota sent a memo to various counties setting forth instructions and requirements for requesting a Drought Disaster Declaration. The memo provided, among other things, a list of documents required to seek such declaration. At a regular meeting of the Codington County Board of Commissioners (Board), interim emergency management director, Lori Janzen, discussed possible future drought declarations. No action was taken, however, and the Board agreed to review the situation week by week.

[¶3.]     At a Board meeting on June 18, 2002, Stan Lamb, the director of Farm Services Agency (FSA), and Chuck Langner, the FSA extension agent, appeared before the Board. According to the meeting minutes, Langner and Lamb requested "a declaration of support from the county requesting the release of CRP land for

#24993

haying and grazing." A motion was presented to the Board and passed. The Board

adopted Resolution #2002-13:

> WHEREAS, prevailing colder temperatures in April and May, 2002, in South Dakota has caused slower growth in pasture and hay crops which caused the need to feed accumulated hay inventories for longer into the spring than usual and customary practice; and,
>
> WHEREAS, rainfall for the 2002 calendar year to date is averaging 4 to 6 inches less than average accumulations of rainfall to date in South Dakota thus causing pasture and hay lands to produce less feed; and,
>
> WHEREAS, first cuttings of alfalfa and hay for the 2002 growing season in South Dakota are yielding an average of 40% of previous year's yields for similar first cuttings of hay and alfalfa;
>
> THEREFORE BE IT RESOLVED that Codington County board of commissioners ask the Governor of the State of South Dakota and the President of the United States of America to declare Codington County a disaster area *to enable producers affected by adverse weather cited above to graze and/or harvest hay from Conservation Reserve Program (CRP) lands in Codington County.*
> . . . .

(Emphasis added.). In July 2002, producers in Codington County were allowed both

to graze their cattle and harvest hay on CRP lands.

[¶4.]      On October 1, 2002, Langner and Lamb appeared before the Board

again. At this meeting, Lamb informed the Board that he had used Resolution

#2002-13 to ask the Governor of South Dakota to send a request to the United

States Secretary of Agriculture to include Codington County in its list of eligible

counties to receive the new federal drought relief package, the Livestock

Compensation Program I (LCP-I). LCP-I was created in 2002 and administered by

FSA. The program made payments directly to qualifying producers in drought-

affected areas. Application to the program was required before September 19, 2002. On October 8, 2002, the United States Department of Agriculture State Emergency Board approved Codington County as a primary disaster area. The approval on October 8, 2002, however, was past the September 19, 2002 deadline. Therefore, Codington County producers were ineligible for LCP-I benefits.

[¶5.] Plaintiffs brought suit in circuit court against Codington County asserting that had the Board properly followed procedures set forth by the South Dakota Division of Emergency Management (DEM) related to disaster declarations, producers in Codington County would have received LCP-I benefits. Codington County moved for summary judgment maintaining that it owed no legal duty to the plaintiff producers. According to the county, the decision to seek drought relief is a discretionary act, and therefore, the county could not be liable for failure to seek such relief. The circuit court agreed, and, without deciding whether Codington County owed a duty to plaintiffs, held that the county's decision to seek a drought declaration was a discretionary act.

## Analysis and Decision

[¶6.] Questions of legal duty are issues of law reviewed de novo. Bordeaux v. Shannon County Schools, 2005 SD 117, ¶11, 707 NW2d 123, 126 (citation omitted). Because we conclude that plaintiffs have failed to establish that the Board owed any legal duty to them under these facts, we decline to reach the question whether the Board's decision to act was discretionary or ministerial. Plaintiffs argue that because the Board adopted Resolution #2002-13, it owed a duty to follow the DEM's May 20, 2002 procedures for requesting a Drought Disaster

Declaration. Plaintiffs contend that had the Board followed the DEM's procedures, plaintiffs would have received the benefits of the United States government's LCP-I. A review of meeting minutes that produced Resolution #2002-13 reveals that the Board was not asked to take steps to request a Drought Disaster Declaration from the DEM. Rather, as the language of the resolution makes clear, the request was made for the purpose of "enable[ing] producers affected by adverse weather cited above to graze and/or harvest hay from Conservation Reserve Program (CRP) lands in Codington County." That the resolution did not contemplate or relate to the LCP-I is further evident by the fact that the LCP-I did not come to the Board's attention until October 1, 2002. How can we declare that the Board owed plaintiffs a duty to follow DEM procedures after it adopted Resolution #2002-13 to procure benefits from a program of which it had no knowledge?

[¶7.]        Although plaintiffs concede that the Board was unaware of LCP-I when Resolution #2002-13 was passed, they insist that because the Board sought to declare the county a disaster area for the purpose of opening CRP land for grazing and harvesting, it had a correlative duty to follow the procedures set forth by the DEM to request a Drought Disaster Declaration. "A duty will not spring up at the mere behest of those with grievances real or imagined." Fisher v. Kahler, 2002 SD 30, ¶6, 641 NW2d 122, 125. Under the facts here, the Board had no duty to ensure that producers in the county received all available relief by the mere fact the LCP-I existed and some producers may have qualified for its benefits.

[¶8.]        Affirmed.

#24993

[¶9.]　　　　GILBERTSON, Chief Justice, and ZINTER and MEIERHENRY,

Justices, and SABERS, Retired Justice, concur.